■ DANIEL PERLA ASSOCIATES, Respondent, v FRED GINSBERG, Defendant, and LOUIS GIARDINA, Appellant. [681 NYS2d 316] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Louis Giardina appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 26, 1997, as granted that branch of the plaintiff's motion which was for summary judgment in its favor and against him in the principal sum of $173,763.26, and (2) from an order of the same court, dated January 15, 1998, which denied his motion, denominated as one for reargument, but which was, in effect, one to renew.

Ordered that the order dated January 15, 1998, is reversed, on the law, the appellant's motion is granted, upon renewal, so much of the order dated September 26, 1997, as is in favor of the plaintiff and against the appellant is vacated, and that branch of the plaintiff's motion which was for summary judgment against the appellant is denied; and it further,

Ordered that the appeal from the order dated September 26, 1997 is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant's motion, although labeled as one for reargument should have been denominated as one to renew since it was supported by new evidence (*see, Karlin v Bridges,* 172 AD2d 644, 645). The requirement that a motion for renewal be based upon newly-discovered facts is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion (*see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Under the circumstances of this case, the court should have exercised its discretion to grant the appellant's motion for leave to renew the plaintiff's prior motion for summary judgment in lieu of complaint, and upon renewal to deny so much of the motion as was for summary judgment against the appellant. The affidavit by a handwriting expert, which the appellant submitted on the motion to renew, raised a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the appellant's signature on the guarantee was forged. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.