■ DOREEN A. ALLISON, Appellant, v D'AGOSTINO SUPERMARKETS, INC., Respondent. [723 NYS2d 30] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about September 3, 1999, which, to the extent appealed from, denied plaintiff's motion for leave to renew an order of the same court and Justice granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law and the facts, without costs, renewal granted, and the complaint reinstated.

Plaintiff Doreen A. Allison commenced this negligence action against defendant D'Agostino Supermarkets, Inc., seeking to recover damages for personal injuries she sustained when she tripped and fell over a bump in the middle of a mat inside a D'Agostino supermarket located at 1031 First Avenue in Manhattan. The IAS court granted defendant's motion for summary judgment in which it had argued that there was no evidence that it had created the bump, or that it had any prior actual or constructive notice of the bump. Plaintiff then moved for renewal or reargument based on the expert affidavit of William Marletta, Ph.D., C.S.P., which the IAS court also denied, without considering the expert's affidavit. We find that renewal should have been granted.

The affidavit of the expert would have been sufficient to defeat defendant's summary judgment motion (*see*, CPLR 2221 [e] [2]; *Daniel Perla Assocs. v Ginsberg*, 256 AD2d 303). According to Dr. Marletta's expert opinion, a history of prior accidents similar to plaintiff's as well as a history of the mat having bumps in it, as evidenced by the testimony of Abraham Fernandez, an employee of defendant who came to plaintiff's assistance after she fell, was sufficient to put defendant on notice of the problems of bumps, and the failure to secure the mat by taping or other methods was a departure from good and accepted safe practice (*see*, *Camizzi v Tops, Inc.*, 244 AD2d 1002; *compare*, *Richardson-Dorn v Golub Corp.*, 252 AD2d 790 [general awareness of mat bunching, without more, failed to raise a triable issue that a known tripping hazard existed on premises constituting an ongoing and recurring dangerous condition which was routinely left unaddressed]). Dr. Marletta's opinion provides the critical evidence the court found missing from

plaintiff's initial opposition. To the extent the expert relied on facts known to plaintiff at the time she submitted her opposition, such reliance is not dispositive (*Daniel Perla Assocs. v Ginsberg, supra*).

Under the circumstances, we excuse the failure of plaintiff's counsel to proffer the affidavit with the initial opposition. There is no evidence that the failure was dilatory or strategic. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.