■ In the Matter of GREGORY J. DEBOER, Appellant, v CHARLES HYNES, as District Attorney of the County of Kings, et al., Respondents. [732 NYS2d 26] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Charles Hynes, the District Attorney of Kings County, dated April 4, 2000, which denied the petitioner's application for line-of-duty benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from (1) a judgment of the Supreme Court, Kings County (Schneier, J.), dated September 14, 2000, which denied the petition and dismissed the proceeding, and (2) an order of the same court, dated February 8, 2001, which denied his motion for leave to renew.

Ordered that the order dated February 8, 2001, is reversed, as a matter of discretion, upon renewal, the motion is granted, the judgment dated September 14, 2000, is vacated, the petition is granted, the determination dated April 4, 2000, is annulled, and the respondents are directed to pay the appellant line-of-duty benefits pursuant to General Municipal Law § 207-c retroactive to February 21, 2000; and it is further,

Ordered that the appeal from the judgment dated September 14, 2000, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant was injured while attempting to make an off-duty arrest. The perpetrators were allegedly vandalizing the appellant's premises. Under the circumstances of this case, the Supreme Court should have exercised its discretion to grant the appellant's motion for leave to renew his prior petition to annul the April 4, 2000, determination that the injuries he sustained on February 21, 2000, were not incurred in the performance of his duties (*see, Perla Assocs. v Ginsberg,* 256 AD2d 303). Upon renewal, the petition should have been granted and the April 4, 2000, determination should have been annulled, as the determination that the appellant did not sustain injuries in the performance of his duties was an improvident exercise of discretion (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232). Accordingly, the appellant is entitled to line-of-duty benefits pursuant to General Municipal Law § 207-c retroactive to February 21, 2000. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.