■ Mi Ja Lee, Respondent, v Paul K. Glicksman et al., Appellants. [789 NYS2d 276]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), dated February 17, 2004, which granted the plaintiff's motion for leave to renew

and/or reargue the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was granted by prior order of the same court dated August 21, 2003, and, upon renewal and reargument, denied the motion.

Ordered that the order is affirmed, with costs.

It is well settled that a motion for leave to renew and reargue is addressed to the sound discretion of the Supreme Court (*see Daniel Perla Assoc. v Ginsberg,* 256 AD2d 303 [1998]; *Loland v City of New York,* 212 AD2d 674 [1995]). The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to renew and/or reargue.

Moreover, although the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]), the affirmation of the plaintiff's treating physician submitted upon renewal and reargument in opposition to the defendant's motion was sufficient to raise a triable issue of fact. Accordingly, upon renewal and reargument, the Supreme Court properly denied the defendants' motion for summary judgment. Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.