■ JACQUELINE MATHEUS et al., Appellants, v ALBERT WEISS et al., Respondents. [797 NYS2d 774]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Jacqueline Matheus did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The appeal brings up for review so much of an order of the same court dated August 10, 2004, as, in effect, denied that branch of the plaintiffs' motion which was for leave to renew the motion for summary judgment (*see* CPLR 5517 [b]).

Ordered that the order dated August 10, 2004, is reversed insofar as reviewed, on the law, the branch of the motion which was for leave to renew the motion for summary judgment is granted, and upon renewal, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated April 1, 2004, is modified accordingly; and it is further,

Ordered that the appeal from the order dated April 1, 2004, is dismissed as academic in light of the determination of the appeal from the order dated August 10, 2004, made upon renewal; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A motion for leave to renew is addressed to the sound discre-

tion of the court (*see Mi Ja Lee v Glicksman,* 14 AD3d 669, 670 [2005]; *Daniel Perla Assoc. v Ginsberg,* 256 AD2d 303 [1998]). Under the circumstances of this case, the Supreme Court should have exercised its discretion to grant that branch of the plaintiffs' motion which was for leave to renew and, upon renewal, deny the defendants' motion for summary judgment. Although the defendants made a prima facie showing that the plaintiff Jacqueline Matheus did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]), the plaintiffs raised a triable issue of fact (*see Agyeman v Osei-Owusu,* 15 AD3d 599 [2005]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.