■ DEBBIE LAWMAN, Appellant, v THE GAP, INC., Respondent. [832 NYS2d 670]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 18, 2006, as denied that branch of her motion which was for leave to renew that branch of the defendant's prior motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for loss of a fetus, which was originally granted in orders dated July 13, 2005 and November 3, 2005, respectively.

Ordered that the order dated January 18, 2006 is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to renew is granted, and upon renewal, that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for loss of a fetus is denied, and those portions of the orders dated July 13, 2005 and November 3, 2005, respectively, which granted that branch of the defendant's motion are vacated.

A motion for leave to renew is addressed to the sound discre-

tion of the court (*see Matheus v Weiss*, 20 AD3d 454 [2005]; *Mi Ja Lee v Glicksman*, 14 AD3d 669, 670 [2005]). Moreover, "[t]he requirement that a motion for leave to renew be based upon newly-discovered facts is a flexible one and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion" (*Gadson v New York City Hous. Auth.*, 263 AD2d 464 [1999]; *see Allison v D'Agostino Supermarkets*, 282 AD2d 219 [2001]; *Daniel Perla Assoc. v Ginsberg*, 256 AD2d 303 [1998]). Under the circumstances of this case, the Supreme Court should have exercised its discretion to grant that branch of the plaintiff's motion which was for leave to renew and, upon renewal, deny that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought damages for loss of a fetus. Although the defendant made a prima facie showing that its alleged conduct and the loss of the fetus were not causally related, the affirmation submitted by the plaintiff's medical expert on renewal raised a triable issue of fact (*see Matheus v Weiss, supra; Mi Ja Lee v Glicksman, supra; Allison v D'Agostino Supermarkets, supra; Gadson v New York City Hous. Auth., supra; Daniel Perla Assoc. v Ginsberg, supra*). Whether the plaintiff suffered a partial abruption resulting in the loss of the plaintiff's unborn child, as the plaintiff's expert opined, must await determination at a trial. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.