■ In the Matter of FLORENCE GOLD, Appellant, v GENE GOLD et al., Respondents. [861 NYS2d 748]—

In related visitation proceedings pursuant to Family Court Act article 6 and a family offense proceeding pursuant to Family Court Act article 8, the paternal grandmother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Dutchess County (Sammarco, J.), entered September 12, 2007, as denied her motion for leave to renew her petition for visitation, which had been denied in an order of the same court dated April 12, 2007, and granted that branch of the parents' cross motion which was for an award of an attorney's fee, and (2) an order of the same court entered November 28, 2007, as, upon further written submissions by the parties, awarded the parents an attorney's fee in the amount of $2,430.34.

Ordered that the appeal from so much of the order entered September 12, 2007 as granted that branch of the parents' cross motion which was for an award of an attorney's fee is dismissed, as that portion of the order was superseded by the order entered November 28, 2007; and it is further,

Ordered that the order entered September 12, 2007 is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, the petitioner's motion for leave to renew her petition for visitation is granted, upon renewal, the order dated April 12, 2007 is vacated, and the matter is remitted for an evidentiary hearing solely to determine whether a material change in circumstances warrants modification of the visitation provision of a settlement agreement dated December 6, 2006, so as to provide for supervised visitation at an agency facility in Bronx County; and it is further,

Ordered that the order entered November 28, 2007 is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, that branch of the parents' cross motion which was for an award of an attorney's fee is denied, and the order entered September 12, 2007 is modified accordingly.

In March 2007 the appellant Florence Gold (hereinafter the grandmother) filed a petition seeking modification of the visitation provisions of a settlement agreement which allowed her supervised visitation with her grandchildren in Dutchess

County. On April 12, 2007 the Family Court denied her petition without conducting a hearing. Upon the grandmother's appeal, we affirmed that order, holding that the grandmother had failed to make a sufficient evidentiary showing of a material change in circumstances which would entitle her to a hearing (*see Matter of Gold v Gold*, 47 AD3d 714 [2008]).

While that appeal was pending, the grandmother filed a motion in June 2007 for leave to renew her petition in the Family Court, contending that her health had deteriorated, making it impossible for her to travel from her home in Bronx County for visitation in Dutchess County. The respondents Gene Gold and Leslie Gold (hereinafter the parents) opposed that motion and cross-moved, inter alia, for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, on the ground that the grandmother had engaged in "frivolous conduct" in pursuing litigation meant to harass or maliciously injure them. The Family Court, in an order entered September 12, 2007, denied the grandmother's motion for leave to renew, finding that she had failed to submit new evidence of a deterioration in her health, and granted that branch of the parents' cross motion which was for the award of an attorney's fee. On November 28, 2007, after further submissions by the parties, the court awarded the parents an attorney's fee in the amount of $2,430.34.

A motion for leave to renew is addressed to the sound discretion of the motion court, and the requirement that a motion for renewal be based upon newly-discovered facts is a flexible one. A court, in its discretion, may thus, in certain situations, grant renewal upon facts known to the moving party at the time of the original motion (*see Lawman v Gap, Inc.*, 38 AD3d 852, 852-853 [2007]; *Daniel Perla Assoc. v Ginsberg*, 256 AD2d 303 [1998]). Under the circumstances of this case, the Family Court should have exercised its discretion and granted the grandmother's motion for leave to renew. The 93-year-old grandmother averred that she was physically unable to travel to Dutchess County due to a deterioration in her health. She submitted medical test results and unsworn letters from her doctor, stating that the amount of travel required for visitation was not recommended due to her ailments, which included a severe form of arthritis and numerous past orthopedic surgeries. In her reply papers, the grandmother averred that on June 22, 2007 she fell, fractured her pelvis and reinjured the ligaments in her knee. She submitted another letter from her doctor stating that travel was not recommended. Because the fall occurred after the grandmother filed her initial motion papers, her inclusion of this additional evidence in her reply papers does not preclude

its consideration by the court (see *Wager v Hainline*, 29 AD3d 569, 571 [2006]).

To establish entitlement to an evidentiary hearing on her petition for modification of the visitation provisions of the settlement agreement, the grandmother was required to make an evidentiary showing of a material change in circumstances sufficient to warrant a hearing (see *Nash v Yablon-Nash*, 16 AD3d 471 [2005]; *Matter of Steinharter v Steinharter*, 11 AD3d 471 [2004]; *Matter of Timson v Timson*, 5 AD3d 691, 692 [2004]). Taken together, the grandmother's submissions met this standard, and her motion to renew should have been granted to the extent of remitting the matter for an evidentiary hearing on her petition solely to determine whether a material change in circumstances warrants modification of the visitation provisions of the settlement agreement so as to provide for supervised visitation with the grandmother at an agency facility in Bronx County. Upon remittal for hearing, the standard to be applied in determining whether a change in location of the visitation is warranted remains the best interests of the children (see *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]).

In light of our determination and the history of the proceedings between the parties, the Family Court improvidently exercised its discretion in awarding an attorney's fee to the parents. An award of an attorney's fee is not authorized in a proceeding for grandparent visitation (see *Matter of Kohn v Lawrence*, 240 AD2d 496, 497 [1997]). Here, although the visitation agreement was included within an order of protection on consent, the grandmother sought modification of the terms of visitation only. Contrary to the parents' contention, the grandmother's conduct was not "frivolous," as that term is defined in 22 NYCRR 130-1.1.

The parties' remaining contentions either have been rendered academic by our determination or are without merit. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.