In a proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered December 4, 2012, as denied that branch of his motion which was for leave to renew his petition for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, which had been denied in an order of the same court entered June 5, 2012.
Ordered that the order entered December 4, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the petitioner’s motion which was for leave to renew is granted, upon renewal, the order entered June 5, 2012, is vacated, and the petition pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation is granted.
On March 10, 2011, the petitioner allegedly fractured his leg when struck by a motor vehicle while crossing Felhamdale Avenue in Felham Manor. He applied for no-fault benefits from the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC), alleging that he was struck by an unidentified vehicle. The petitioner also provided the MVAIC with a “notice of intention to make claim” and executed an affidavit of no insurance indicating, inter alia, that he did not own or insure a motor vehicle and that no one in his household owned or insured an automobile as of the date of the accident. The MVAIC denied the application.
The petitioner then commenced this proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the MVAIC. In support of his petition, the petitioner provided a copy of the police incident report, which stated that the police department received “multiple calls” indicating that *832 a pedestrian had been struck by a car and that the pedestrian could be heard screaming in the background. It also indicated that the petitioner told the responding officer that he did not know what happened. The MVAIC opposed the petition, asserting that the petitioner had not provided proof of physical contact between himself and a motor vehicle.
In an order entered June 5, 2012, the Supreme Court denied the petition on the ground that the petitioner had not established that he was not an insured under any other motor vehicle insurance policy and, thus, did not demonstrate that he was a “qualified person” for the purpose of seeking no-fault benefits under article 52 of the Insurance Law. It did not address the MVAIC’s argument that the petition should be denied because of the petitioner’s failure to establish physical contact with a motor vehicle.
Thereafter, the petitioner moved for leave to renew and reargue the Supreme Court’s order denying his petition. In support of his motion, the petitioner submitted, inter alia, his no-fault application and his affidavit of no insurance. He also provided an affidavit stating that, at the time of the accident, he was not insured under any other motor vehicle insurance policy and had not been residing with a relative who had an applicable insurance policy which would cover the subject accident. He also maintained that, with respect to his failure to submit this evidence with his petition, he believed that his statement in the petition that he was a “person qualified” under the statute had established that he was not covered by any other insurance policy and, therefore, did not need to submit any further evidence. The MVAIC opposed the motion, relying on its prior argument raised in opposition to the petition, that the petitioner had failed to demonstrate sufficient proof that he had been hit by a motor vehicle. In reply, the petitioner submitted copies of his ambulance and hospital records.
In an order entered December 4, 2012, the Supreme Court denied the petitioner’s motion. The petitioner appeals from so much of the order as denied that branch of his motion which was for leave to renew his petition.
A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; see Koeppel-Vulpis v Lucente, 110 AD3d 851, 852 [2013]; Bazile v City of New York, 94 AD3d 929, 930-931 [2012]). “The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court’s discretion to *833 grant renewal upon facts known to the moving party at the time of the original motion if the movant offers a reasonable excuse for the failure to present those facts on the prior motion” (Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2010] [internal quotation marks omitted]; see Schenectady Steel Co., Inc. v Meyer Contr. Corp., 73 AD3d 1013 [2010]; Lafferty v Eklecco, LLC, 34 AD3d 754, 754-755 [2006]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to renew (see Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658 [2012]; DeMarquez v Gallo, 94 AD3d 1039, 1040 [2012]; Del Bene v Frank C. Perry, DDS, P.C., 83 AD3d 771, 772 [2011]; Lawman v Gap, Inc., 38 AD3d 852, 853 [2007]; Lafferty v Eklecco, LLC, 34 AD3d at 754; Daniel Perla Assoc. v Ginsberg, 256 AD2d 303, 303 [1998]).
Further, upon renewal, the petition for leave to commence an action against the MVAIC should be granted. The petitioner sufficiently pleaded all of the requirements of Insurance Law §§ 5217 and 5218 for commencing an action against MVAIC (see Matter of Henderson v Motor Veh. Acc. Indem. Corp., 112 AD2d 228, 228-229 [1985]; Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509 [1983]). He demonstrated that he filed a notice of claim with the MVAIC, he was a qualified person, he was not operating an uninsured motor vehicle or a motor vehicle in violation of an order of suspension or revocation at the time of the accident, he has a cause of action against the operator and owner of the motor vehicle which struck him, and that all reasonable efforts had been made to ascertain the identity of the motor vehicle which struck him. In addition, the petitioner established, through the police incident report, that there was physical contact between him and the unidentified motor vehicle, and the police were notified within 24 hours of the incident.
Accordingly, we reverse so much of the order entered December 4, 2012, as denied that branch of the petitioner’s motion which was for leave to renew, and, upon renewal, vacate the order entered June 5, 2012, and grant the petition pursuant to Insurance Law § 5218 for leave to commence an action against the MVAIC. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.