Deutsche Bank Natl. Trust Co. v Watson (2021 NY Slip Op 06340)





Deutsche Bank Natl. Trust Co. v Watson


2021 NY Slip Op 06340


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-04926 
2018-05968
 (Index No. 35366/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Thomas Watson, Jr., et al., appellants, et al., defendants.


Thomas Watson, Jr., and Sandra Watson, Haverstraw, NY, appellants pro se.
Blank Rome, LLP, New York, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas Watson, Jr., and Sandra Watson appeal from (1) a judgment of foreclosure and sale of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated February 6, 2017, and (2) an order of the same court (Paul I. Marx, J.) dated April 26, 2018. The judgment of foreclosure and sale, inter alia, upon an order of the same court (Gerald E. Loehr, J.) dated June 8, 2016, among other things, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Thomas Watson, Jr., and Sandra Watson and for an order of reference and denying that branch of those defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, directed the sale of the subject property. The order dated April 26, 2018, insofar as appealed from, denied the motion of the defendants Thomas Watson, Jr., and Sandra Watson, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale for lack of personal jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal from the order dated June 8, 2016, is deemed to be a premature notice of appeal from the judgment of foreclosure and sale (see CPLR 5520[c]; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941); and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Thomas Watson, Jr., and Sandra Watson and for an order of reference are denied, that branch of those defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, and the order dated June 8, 2016, is modified accordingly; and it is further,
ORDERED that the appeal from the order dated April 26, 2018, is dismissed as academic in light of our determination on the appeal from the judgment of foreclosure and sale; and it is further,
ORDERED that one bill of costs is awarded to the defendants Thomas Watson, Jr., [*2]and Sandra Watson.
In December 2005, the defendants Thomas Watson, Jr. (hereinafter Thomas), and Sandra Watson (hereinafter together the defendants) executed a note in the principal sum of $292,000 in favor of nonparty Ameriquest Mortgage Company, which was secured by a mortgage against certain real property owned by the defendants in Haverstraw (hereinafter the property). In November 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants failed to timely answer the complaint. In March 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned based upon the plaintiff's failure to move for a default judgment within one year from their default in answering. In an order dated June 8, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and denied that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In a judgment of foreclosure and sale dated February 6, 2017, the court, among other things, directed the sale of the property. On May 31, 2017, the property was sold at a foreclosure auction.
In December 2017, the defendants moved, inter alia, pursuant to CPLR 5014(a)(4) to vacate the judgment of foreclosure and sale for lack of personal jurisdiction. In an order dated April 26, 2018, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
"'The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned'" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d at 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, the affidavits of service showing that the defendants were purportedly served pursuant to CPLR 308(2) were filed on December 16, 2014, and the defendants defaulted by failing to serve an answer within 30 days (see CPLR 308[2]; 320[a]; Deutsche Bank Natl. Trust Co. v Iovino, 171 AD3d 1011, 1012). However, the plaintiff did not move for leave to enter a default judgment until March 2016, more than one year after the defendants' default in answering the complaint. Having failed to oppose the defendants' cross motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, the plaintiff offered no reasonable excuse for its delay in moving for a default judgment or a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Myers, 168 AD3d 916, 917). Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court