## U.S. Bank N.A. v 574 Lafa Corp.

2025 NY Slip Op 34762(U)

December 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 510485/18

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 9th day of December, 2025.

P R E S E N T:

HON. CENCERIA P. EDWARDS,

          Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR TO FIRST BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITYSCAPE HOME EQUITY LOAN TRUST, SERIES 1997-C HOME EQUITY PASS-THROUGH CERTIFICATES,

          Plaintiff,

    - against -          Index No. 510485/18

574 LAFA CORP., SHANTEL BROWN, LUTHER BROWN, BEN NEALY, INM HOLDINGS, LLC, PEOPLE OF THE STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, KINGS COUNTY SUPREME COURT, PORTFOLIO RECOVERY ASSOCIATES, LLC, STATE OF NEW YORK, NEW YORK CITY DEPARTMENT OF FINANCE, CADORE ESTATES, INC., AUGUSTINE E. CADORE, MIDLAND FUNDING, LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, UNITED STATES OF AMERICA ACTING THROUGH THE INTERNAL REVENUE SERVICE, MIDLAND FUNDING LLC, UNITED STATES OF AMERICA ACTING THROUGH THE DEPARTMENT OF JUSTICE, CYNTHIA PHILLIPS AS HEIR TO THE ESTATE OF WILLIE MAE BROWN, DORETHA D. BROWN AS ADMINISTRATRIX AND AS HEIR TO THE ESTATE OF WILLIE MAE BROWN, JEMEL MADISON AS HEIR TO THE ESTATE OF WILLIE MAE BROWN, DELORIS JUDGE AS HEIR TO THE ESTATE OF WILLIE MAE BROWN, ANNIE STWEART AS ADMINISTRATRIX AND AS HEIR TO THE ESTATE

[* 1]

OF GEORGIA NEALY

JOHN DOE (those unknown tenants, occupants,
persons or corporations or their heirs, distributes,
executors, administrators, trustees, guardians,
assignees, creditors or successors claiming an
interest in the mortgage premises),

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following e-filed papers read herein:                NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/Cross
Motion and Affidavits (Affirmations)                       52-55
Opposing Affidavits (Affirmations)                         59-64

Upon the foregoing papers in this action to foreclose a residential mortgage on the property at 1049 Hancock Street in Brooklyn (Block 3388, Lot 58) (Property), defendant 574 Lafa Corp. moves (in motion sequence [mot. seq.] one) for an order dismissing the action against it, pursuant to CPLR 3215 (c) (NYSCEF Doc No. 52).

## **Background**

On May 21, 2018, U.S. Bank National Association, As Trustee, Successor to First Bank National Association, as Trustee for Cityscape Home Equity Loan Trust, Series 1997-C Home Equity Pass-Through Certificates (US Bank) commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property. The complaint alleges that on or about April 25, 1997, Georgia Nealy (who died on October 15, 2013) and Willie Mae Brown (who died on January 8, 2015) executed and delivered a $40,000.00 note in favor of Cityscape Corp., which was secured by a mortgage encumbering the Property (Complaint at ¶¶ 2-3). The complaint alleges that "[a]t the time

2

[* 2]

the note and mortgage were executed and delivered, Georgia Nealy and Willie Mae Brown were the only living people on title" (*id.* at ¶ 5). The complaint further alleges that "[o]n April 13, 2016, Cynthia Phillips, Ayana Gustus, and Rosalinda Anderson, as surviving heirs of Georgia Nealy and Willie Mae Brown, both deceased, transferred the property to 574 Lafa Corp [the] current record owner of the property" (*id.* at ¶ 6). The complaint alleges that the deceased borrowers, Nealy and Brown, "failed to comply with the conditions of the note and mortgage by not making the payment that was due on January 1, 2017 and subsequent payments" (*id.* at ¶ 7).

US Bank's affidavit of service in the record reflects that US Bank's process server, Alex Schettino, served Defendant 574 Lafa Corp. with process, pursuant to BCL § 306, on May 29, 2018, by delivering two copies of the pleadings with Nancy Dougherty, authorized agent in the office of the New York Secretary of State (NYSCEF Doc No. 13).[1]

Defendant 574 Lafa Corp. failed to answer or otherwise respond to the complaint, and its time to do so expired on June 28, 2018.

### *Defendant 574 Lafa Corp.'s Dismissal Motion*

On May 19, 2021, *three years after* 574 Lafa Corp.'s default, it moved for an order dismissing this action against it, pursuant to CPLR 3215 (c) (NYSCEF Doc No. 52). Defense counsel submits a moving affirmation in support of 574 Lafa Corp.'s dismissal

---

[1] The record reflects that on June 4, 2018, US Bank also served 574 Lafa Corp. with: (1) another set of the pleadings by delivering them to Nancy Dougherty at the New York Secretary of State (NYSCEF Doc No. 37), and (2) a duplicate copy of *the summons only* by mailing it to 127-21 Liberty Avenue in Richmond Hill (NYSCEF Doc No. 38).

[* 3]

motion based on US Bank's failure to move for a default judgment within one year of 574 Lafa Corp.'s default (NYSCEF Doc No. 53 at ¶ 1). Defense counsel argues that US Bank not only failed to move for a default judgment within one year of 574 Lafa Corp.'s default, on or before June 28, 2019, but US Bank "failed to take any steps to prosecute the within action, other than filing a second Notice of Pendency on May 10, 2021" (*id.* at ¶¶ 10-12). Defense counsel asserts that dismissal, pursuant to CPLR 3215 (c), is mandatory if a default judgment is not sought within the requisite one-year period, unless Plaintiff can establish "sufficient cause" as to why the complaint should not be dismissed (*id.* at ¶ 15).

### *US Bank's Opposition*

US Bank, in opposition, submits an attorney affirmation erroneously claiming that Defendant 574 Lafa Corp. was served, pursuant to CPLR 308 (2), on June 4, 2018, and "[t]hereafter, on June 6, 2018, the process server mailed a copy of the pleadings to the Defendant" (NYSCEF Doc No. 59 at ¶ 5). Notably, counsel fails to mention or even address US Bank's service of the pleadings upon 574 Lafa Corp. by delivery to the New York Secretary of State on May 29, 2018.

Regardless, Plaintiff's counsel seemingly admits that US Bank failed to move for a default judgment against Defendant 574 Lafa Corp. within one year of its appearance default, as required by CPLR 3215 (c). Plaintiff's counsel argues, however, that "an exception to the mandatory dismissal pursuant to § 3215 (c) for <u>unanswered</u> complaints is when 'sufficient cause is shown why the complaint should not be dismissed'" (*id.* at ¶ 10).

4

[* 4]

Plaintiff's counsel acknowledges that "sufficient cause" under the statute requires both a reasonable excuse for the delay in timely moving for a default judgment and a showing that Plaintiff has a meritorious cause of action (*id.* at ¶ 11).

Plaintiff's counsel seeks to establish "sufficient cause" for US Bank's failure to timely seek a default judgment against Defendant 574 Lafa Corp. based on two pending Surrogate Court actions:

> "Plaintiff has shown an intent to not abandon this action and thus dismissal herein pursuant to CPLR Rule 3215 (c) is improper. Most importantly, the borrowers, Georgia Nealy and Willie Mae Brown, are deceased. There are two related Surrogate's Court actions in Kings County under File Numbers 2015-4428/A for the Estate of Willie Mae Brown and under 2019-4389 for the Estate of Georgia Nealy. Plaintiff's counsel was recently informed that Letters of Administration were issued on October 27, 2016 to Doretha D. Brown for the Estate of Willie Mae Brown. A fiduciary has not yet been appointed for the Estate of Georgia Neal.

> "The pending Surrogate's Court action is relevant to the foreclosure action due to a discrepancy in the chain of title. There are several heir deeds purporting to transfer to the property to two separate grantees - Shantel Brown and Defendant, 574 Lafa Corp. Subsequent to the death of the borrowers, a series of deeds were recorded conveying title to Shantel Brown by Doretha Brown, Jemel Madison and Deloris Judge, whom are alleged in the deed to be three of the four heirs to the Estate of Willie Mae Brown. Thereafter, two individuals, Annie Stewart and Linda Nealy also conveyed deeds to Shantel Brown. It is unknown what interest they hold in the mortgaged premises. A copy of the relevant deeds are attached hereto as **Exhibit 'D'**.

> "Thereafter, a deed from Cynthia Phillips, Ayana Gustus and Rosalinda Anderson, as alleged surviving heirs of Georgia Nealy and William Mae Brown, was recorded conveying title

5

[* 5]

> to 574 Lafa Corp. A copy of the relevant deed is attached hereto as **Exhibit 'E'**.

> "Due to the discrepancy in the deed chain, resolution of the Surrogate's Court action is necessary to confirm the proper and correct heirs to the borrowers' estates and who had authority to convey title to the mortgaged premises" (*id.* at ¶¶ 22-25).

Essentially, Plaintiff's counsel argues that US Bank failed to timely move for a default judgment against Defendant 574 Lafa Corp., the alleged owner of the Property, because it was waiting for the outcome of the Surrogate's Court proceedings confirming which of the decedent borrowers' heirs had authority to convey the Property.

Regarding the merits of this foreclosure action, Plaintiff's counsel merely asserts that "Plaintiff clearly has a meritorious cause of action" since "Plaintiff has presented the note and mortgage" and "[t]he borrowers have defaulted in making their contractually agreed upon payments which most likely is a result of their death" (*id.* at ¶ 27). Notably, US Bank fails to submit a fact affidavit from someone with personal knowledge to substantiate any of the allegations in the unverified complaint.

## Discussion

CPLR 3215 (c) provides that:

> "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but *shall dismiss the complaint as abandoned*, without costs, upon its own initiative or on motion, *unless sufficient cause is shown why the complaint should not be dismissed*" (emphasis added).

Where a plaintiff fails to seek leave to enter a default judgment within one year after a party's default, the plaintiff must show "sufficient cause," which requires the plaintiff to

[* 6]

demonstrate both a reasonable excuse for the delay and a meritorious cause of action (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2d Dept 2011]; *First Nationwide Bank v Pretel*, 240 AD2d 629, 629 [2d Dept 1997]). The determination of whether an excuse is reasonable is within the sound discretion of the court (*Deutsche Bank National Trust Co. v Bakarey*, 198 AD3d 718, 721 [2df Dept 2021]; *Deutsche Bank National Trust Co. v Charles*, 186 AD3d 454, 456 [2d Dept 2020]).

The Second Department has clarified that, if plaintiff fails to demonstrate a reasonable excuse for the delay and a meritorious cause of action, CPLR 3215 (c) explicitly provides that the complaint "shall" be dismissed, which is not discretionary, but mandatory (*Deutsche Bank National Trust Company v Watson*, 199 AD3d 879, 880 [2d Dept 2021]; US *Bank National Assoc. v Davis*, 196 AD3d 530, 533 [2d Dept 2021]; *HSBC USA, National Assoc. v Grella*, 14 AD3d 669 [2d Dept 2016]). "The policy underlying the statute is 'to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims'" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2d Dept 2015] [quoting *Giglio*, 86 AD3d at 307]).

Here, Plaintiff's counsel submits an attorney affirmation arguing that US Bank failed to move for a default judgment against Defendant 574 Lafa Corp. within one year of its appearance default due to pending Surrogate Court proceedings regarding the decedent borrowers' heirs and their authority to convey the Property. However, Plaintiff's counsel failed to offer any explanation why the Surrogate Court proceedings regarding the authority of the decedent borrowers' heirs prevented it from taking any timely steps to initiate

7

[* 7]

proceedings for the entry of a default judgment against Defendant 574 Lafa Corp. (*Weiner v Anzaroot*, 241 AD3d 1394, 1396 [2d Dept 2025] [holding that "plaintiff's contention that the delay was due to his continuing litigation against a nondefaulting defendant in the action, without more, does not constitute a reasonable excuse, as the plaintiff failed to show how motion and discovery practice related to the nondefaulting defendant hindered him from taking any steps to initiate proceedings for the entry of a default judgment against the defendants"]; *Wells Fargo Bank, N.A. v Jackson*, 208 AD3d 613, 614 [2d Dept 2022] [holding that "plaintiff's contention that the delay was due to the pendency of its motion to appoint a guardian ad litem for a co-defendant who allegedly was an active duty servicemember . . . did not constitute a reasonable excuse" because "plaintiff failed to show how its motion practice related to that co-defendant hindered it from timely taking any steps to initiate proceedings for the entry of a default judgment against the defendant"]).

Not only did US Bank fail to provide a reasonable excuse for its failure to timely proceed with the case against Defendant 574 Lafa Corp. for more than three years, but US Bank's opposition to Defendant 574 Lafa Corp.'s dismissal motion, which is based entirely on an attorney affirmation, fails to demonstrate that US Bank has a potentially meritorious cause of action. Plaintiff's counsel, whose affirmation is without "evidentiary value" (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]), merely made conclusory assertions regarding the merits of US Bank's foreclosure action. Accordingly, it is hereby

8

**ORDERED** that Defendant 574 Lafa Corp.'s motion (mot. seq. one) to dismiss this action against it, pursuant to CPLR 3215 (c), is granted.

This constitutes the decision and order of the court.

E N T E R,

_____

Hon. Cenceria P. Edwards, J SC, CPA

9

[* 9]