Citimortgage, Inc. v Dente (2021 NY Slip Op 07538)





Citimortgage, Inc. v Dente


2021 NY Slip Op 07538


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-12267 
2019-02373
 (Index No. 12284/14)

[*1]Citimortgage, Inc., respondent, Dustin J. 
v
Dente, et al., appellants, et al., defendants.


Galarza Law Office P.C., Massapequa Park, NY (J. Ceasar Galarza of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Dustin J. Dente and Elizabeth Dente appeal from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 25, 2018, and (2) an order of the same court (Julianne T. Capetola, J.) entered January 10, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Thomas A. Adams, J.) entered August 23, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Dustin J. Dente and Elizabeth Dente and for an order of reference, granted the plaintiff's motion for a judgment of foreclosure and sale, in effect, denied those branches of the cross motion of the defendants Dustin J. Dente, Elizabeth Dente, and Irene Dente which were for summary judgment dismissing the complaint insofar as asserted against the defendants Dustin J. Dente and Elizabeth Dente, confirmed the report of the referee, and directed the sale of the subject property. The order entered January 10, 2019, insofar as appealed from, denied those branches of the motion of the defendants Dustin J. Dente, Elizabeth Dente, and Irene Dente which were to vacate the order and judgment of foreclosure and sale insofar as entered against the defendants Dustin J. Dente and Elizabeth Dente. Justice Austin has been substituted for former Justice Leventhal (see 22 NYCRR 1250.1[b]).
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the plaintiff's motion for a judgment of foreclosure and sale is denied, those branches of the cross motion of the defendants Dustin J. Dente, Elizabeth Dente, and Irene Dente which were for summary judgment dismissing the complaint insofar as asserted against the defendants Dustin J. Dente and Elizabeth Dente are granted, the order entered January 10, 2019, is vacated, and so much of the order entered August 23, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Dustin J. Dente and Elizabeth Dente and for an order of reference is vacated; and it is further,
ORDERED that the appeal from the order entered January 10, 2019, is dismissed as academic in light of our determination on the appeal from the order and judgment of foreclosure and sale; and it is further,
ORDERED that one bill of costs is awarded to the defendants Dustin J. Dente and Elizabeth Dente.
The plaintiff, Citimortgage, Inc., commenced the instant foreclosure action against the defendants Dustin J. Dente, Elizabeth Dente, and Irene Dente (hereinafter collectively the defendants), among others, on December 31, 2014. The complaint alleged that the plaintiff had complied with the notice requirements of RPAPL 1304. In their answer, the defendants denied that the plaintiff had complied with RPAPL 1304.
In an order entered August 23, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
On February 15, 2018, the plaintiff moved for a judgment of foreclosure and sale. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. The defendants noted that the 90-notices sent by the plaintiff pursuant to RPAPL 1304 contained the following purportedly extraneous information on the second page of the notice: "The purpose of this communication is to collect a debt and any information obtained will be used for that purpose. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION."
In an order and judgment of foreclosure and sale entered July 25, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, in effect, denied those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against Dustin J. Dente and Elizabeth Dente, confirmed the report of the referee, and directed the sale of the subject property. Dustin J. Dente and Elizabeth Dente appeal.
Thereafter, the defendants moved to vacate the order and judgment of foreclosure and sale on the ground that the plaintiff failed to comply with RPAPL 1304. In an order entered January 10, 2019, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to vacate the order and judgment of foreclosure and sale insofar as entered against Dustin J. Dente and Elizabeth Dente. Dustin J. Dente and Elizabeth Dente appeal.
Although the defendants failed to oppose the plaintiff's motion, inter alia, for summary judgment and for an order of reference on the ground that the plaintiff did not comply with RPAPL 1304, "failure to comply with RPAPL 1304 is a defense that may be raised at any time prior to the entry of judgment of foreclosure and sale" (U.S. Bank N.A. v Krakoff, ____ AD3d ____, ____, 2021 NY Slip Op 06209, *2 [2d Dept]; see Wells Fargo Bank v Merino, 173 AD3d 491). Here, the issue was raised before the entry of judgment of foreclosure and sale. Thus, the issue of compliance with RPAPL 1304 was properly before the Supreme Court.
The defendants established that the plaintiff failed to strictly comply with RPAPL 1304, on the ground that additional material was sent in the same envelope as the 90-day notice required by RPAPL 1304 (see Bank of America, N.A. v Kessler, ____ AD3d ____, 2021 NY Slip Op 06979 [2d Dept]). The plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale, and should have granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Dustin J. Dente and Elizabeth Dente.
The remaining contention of Dustin J. Dente and Elizabeth Dente is academic in view of the foregoing.
MASTRO, J.P., AUSTIN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court