HSBC Bank USA, N.A. v Hibbert (2022 NY Slip Op 03102)

HSBC Bank USA, N.A. v Hibbert

2022 NY Slip Op 03102

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06120
 (Index No. 7328/16)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Errington W. Hibbert, et al., appellants.

R. David Marquez, P.C., Mineola, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Errington W. Hibbert and Denise M. Hibbert appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 11, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and dismissing their answer, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Errington W. Hibbert and Denise M. Hibbert and dismissing their answer, and for an order of reference are denied, and those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them is granted.
In October 2016, the plaintiff commenced this foreclosure action against the defendants Errington W. Hibbert and Denise M. Hibbert (hereinafter together the defendants), among others. The complaint included an allegation that the plaintiff had complied with the notice requirements of RPAPL 1304. In their answer, the defendants denied that the plaintiff had complied with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and dismissing their answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them based on, among other things, the plaintiff's failure to comply with RPAPL 1304. In an order entered March 11, 2019, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendants' cross motion. The court also discontinued the action against the remaining defendants and amended the caption accordingly. The defendants appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and dismissing their answer, and for an order of reference, and denied their cross motion.
In support of their cross motion, the defendants established that the plaintiff failed to strictly comply with RPAPL 1304, on the ground that additional information was included in the [*2]same envelope as the 90-day notice required by RPAPL 1304 (see Bank of Am., N.A. v. Kessler, 202 AD3d 10, 14; see also Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027). The plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and dismissing their answer, and for an order of reference, and should have granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
The parties' remaining contentions are academic in view of the foregoing.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court