Deutsche Bank Natl. Trust Co. v Bonal (2022 NY Slip Op 03230)





Deutsche Bank Natl. Trust Co. v Bonal


2022 NY Slip Op 03230


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-06870
2019-06872
 (Index No. 61217/13)

[*1]Deutsche Bank National Trust Co., etc., respondent,
v
Kenneth Bonal, appellant, et al., defendants.


Charles Wallshein, PLLC, Melville, NY, for appellant.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Jonathan E. Ginsberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth Bonal appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated May 3, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered May 10, 2019. The order dated May 3, 2019, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the defendant Kenneth Bonal's cross motion to reject the referee's report and for a hearing pursuant to CPLR 4313. The order and judgment of foreclosure and sale, upon two orders of the same court dated October 23, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kenneth Bonal and dismissing that defendant's answer with affirmative defenses, and for an order of reference, and upon the order dated May 3, 2019, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated May 3, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kenneth Bonal and dismissing that defendant's answer with affirmative defenses and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied as academic, and the orders dated October 23, 2017, and the order dated May 3, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kenneth Bonal.
The appeal from the order dated May 3, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated May 3, 2019, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On June 5, 2013, the plaintiff commenced this action against the defendant Kenneth Bonal (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Manorville. The defendant interposed an answer in which he asserted, inter alia, various affirmative defenses. In September 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's answer with affirmative defenses, and for an order of reference. The defendant opposed the motion on the ground that the plaintiff failed to establish its compliance with RPAPL 1303 and 1304(2). In an order dated October 23, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order dated October 23, 2017, the court granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
In January 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to reject the referee's report and for a hearing pursuant to CPLR 4313. In an order dated May 3, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court issued an order and judgment of foreclosure and sale entered May 10, 2019, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
The defendant's appeals from the orders dated October 23, 2017, were dismissed in a related appeal pursuant to Matter of Aho (39 NY2d at 248) on the ground that the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Bonal, ___ AD3d ___ [Appellate Division Docket No. 2018-00694; decided herewith]). The issues raised on the appeals from the orders dated October 23, 2017, are brought up for review and have been considered on this appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937).
RPAPL 1304(2) also provides, in relevant part, that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
The plaintiff failed to establish, prima facie, that it sent 90-day notices to the defendant "in a separate envelope from any other mailing or notice" (RPAPL 1304[2]; see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1107; Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027; Bank of Am., N.A. v Kessler, 202 AD3d 10, 14). Since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his answer with affirmative defenses and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Wells Fargo Bank, N.A. v DeFeo, 200 AD3d at 1107).
The defendant's remaining contentions have been rendered academic in view of our determination.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court