| |
|---|
| **Wells Fargo Bank N.A. v Fisch** |
| 2025 NY Slip Op 32381(U) |
| July 7, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509355/16 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civic Center, Brooklyn, New York, on
the 7th day of July, 2025.

P R E S E N T :

HON. CENCERIA P. EDWARDS,

                                          Justice.

-------------------------------------X

WELLS FARGO BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH
CERTIFICATES,

                                         Plaintiff,

                - against -

BENJAMIN FISCH; RACHEL FISCH a/k/a RACHEL D.
FISCH; BANK OF AMERICA, NA; COMMISSIONER
OF SOCIAL SERVICES OF THE CITY OF NEW YORK
SOCIAL SERVICES DISTRICT; FIA CARD SERVICES
N.A.; CAPITAL ONE BANK (USA) NA; NEW
CENTURY FINANCIAL SERVICES; CITIBANK (SOUTH
DAKOTA), NA; SIGNATURE BANK; CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD; JOHN
DOE #1 THROUGH #6, AND JANE DOE #1 THROUGH
#6, the last twelve names being fictitious, it being
the intention of plaintiff to designate any and all
occupants, tenants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises being foreclosed herein,

                                    Defendants.

-------------------------------------X

Calendar date: 9/8/2022
Motion Seq. #s 1 and 2

Index No. 509355/16

| The following e-filed papers read herein: | NYSCEF Doc Nos. | |
|---|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 40-81, 83 | 84-99 |
| Opposing Affidavits (Affirmations) | 86-99 | 100-101 |
| Reply Affidavits (Affirmations) | 100-101 | 103 |

[* 1]

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 5701 13th Avenue in Brooklyn (Block 5698, Lot 10) (Property), plaintiff Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates (Wells Fargo) moves (in motion sequence [mot. seq.] one) for an order: (1) granting it summary judgment on the cause of action for mortgage foreclosure, pursuant to CPLR 3212; (2) granting it an order of reference to compute the sums due under the mortgage, pursuant to RPAPL § 1321; (3) granting it summary judgment striking defendants' answer; and (4) granting it a default judgment against all non-appearing and non-answering defendants (NYSCEF Doc No. 40).

Defendants Benjamin and Rachel Fisch (Fisch Defendants) cross-moves (in mot. seq. two) for an order granting them summary judgment dismissing the complaint, pursuant to CPLR 3212 (NYSCEF Doc No 84).

**Background**

On June 3, 2016, Wells Fargo commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-2). The complaint alleges that on or about November 10, 2006, Defendant Benjamin Fisch executed and delivered to Fremont Investment & Loan an $800,000.00 promissory note, which was secured by a mortgage executed by the Fisch Defendants encumbering their residential Property (NYSCEF Doc No. 1 at ¶¶ 2-3). Notably, copies of the adjustable rate note with an endorsement in favor of Wells Fargo and the mortgage were annexed as Exhibits A and B to Wells Fargo's complaint (*id.* at 19).

2

[* 2]

The complaint alleges that the Fisch Defendants "failed to comply with the terms of the Note and/or Mortgage by failing to pay the monthly payment amount due on February 1, 2009 and each subsequent payment that has come due thereafter . . ." (*id.* at ¶ 6). Notably, the complaint alleges that:

> "[t]here are not other pending proceedings to enforce the referenced Note and Mortgage. To the extent there are any prior proceedings, it is the intention of the Plaintiff that any such action be discontinued and the instant action be the only pending action" (*id.* at ¶ 19).

On June 28, 2016, the Fisch Defendants collectively answered the complaint, denied the material allegations therein and asserted affirmative defenses, including lack of standing, failure to satisfy conditions precedent to foreclosure pursuant to RPAPL §§ 1303, 1304 and 1306 and the expiration of the statute of limitations based on Wells Fargo's commencement of a prior foreclosure action on October 15, 2009 in *Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust Series 2007-FRE1 Asset Backed Pass-Through Certificates v Benjamin Fisch, et al.*, Kings County index No. 26166/2009 (the 2009 Foreclosure Action) (NYSCEF Doc No. 30).

The remaining defendants failed to answer or otherwise respond to the complaint.

***Wells Fargo's Summary Judgment Motion***

On October 27, 2021, *more than five years after* Wells Fargo commenced this action, it moved for summary judgment, an order of reference, dismissal of the Fisch Defendants' answer and a default judgment against the non-appearing defendants (NYSCEF Doc No. 40).

3

[* 3]

Wells Fargo submits a fact affidavit from Paige Bushnell (Bushnell), an "authorized signer" of Select Portfolio Servicing, Inc. (SPS), the servicing agent and attorney-in-fact for Wells Fargo pursuant to a March 1, 2017 limited power of attorney (NYSCEF Doc Nos. 41 and 42). Bushnell attests that her affidavit is based on her review of SPS's business records, which reflect the payment history of the mortgage loan as of 2020, since "[e]ffective July 1, 2020, servicing of this loan transferred from JPMorgan Chase Bank, N.A. [Chase] to SPS" (NYSCEF Doc No. 41 at ¶¶ 3-4 and *see* NYSCEF Doc No. 47). Bushnell further attests that "when SPS started servicing the loan, Chase's records were added or 'boarded' to SPS's records . . . after checking the records for accuracy. . ." (NYSCEF Doc No. 41 at ¶ 4). Based on her review of the payment history, Bushnell attests that the Fisch Defendants defaulted by failing to pay the July 1, 2010 payment "has failed to make payments to bring [the] loan current, and the entire loan balance is now due and owing . . ." (*id.* at ¶ 8).

Wells Fargo also submits an affidavit from Dorothy A. Washington (Washington), an "authorized signer" for Chase, the prior servicer, along with copies of the loan's payment history that was generated by Chase (NYSCEF Doc Nos. 48 and 54). Washington explains that "[t]he Borrower defaulted for the February 1, 2009 payment due under the Note" and "[a]lthough certain payments were advanced on the loan, Borrower[s] failed to make payments to bring [their] loan current and the loan was due for the July 1, 2010 payment" (NYSCEF Doc No. 48 at ¶ 7). Washington attests that "the business records

4

[* 4]

associated with this loan" reflect that 90-day pre-foreclosure notices were mailed on March 3, 2016 (*id.* at ¶ 8).

Wells Fargo submits a third affidavit from Darlene Marcotte (Marcotte), a "Mediation Corporate Representative" of Chase, who attests that Chase's business records include the records created and maintained by the prior servicer, EMC Mortgage LLC f/k/a EMC Mortgage Corporation (EMC) (NYSCEF Doc No. 58 at ¶ 4). Marcotte attests that "when Chase started servicing the loan, EMC's records were added or 'boarded' to Chase's records . . ." (*id.*). Marcotte attests that "[i]n compliance with the Mortgage, EMC caused to be mailed, by first class mail, a Notice of Default dated May 13, 2009, to the Borrower" (*id.* at ¶ 8; NYSCEF Doc No. 60).

Wells Fargo submits a fourth affidavit from Raena Hordish (Hordish), who was employed by Wells Fargo's former counsel in this action (NYSCEF Doc No. 62 at ¶ 5). Hordish attests that her former law firm (and Wells Fargo's former litigation counsel) received the collateral file for the subject mortgage loan on April 13, 2016, which included the original note, prior to its commencement of this foreclosure action (*id.* at ¶¶ 7-10).

Wells Fargo's current counsel submits an affirmation in support of the summary judgment motion affirming that all defendants were served with process in June 2016 (NYSCEF Doc No. 64 at ¶ 6; *see also* NYSCEF Doc No. 66 [affidavits of service]). Wells Fargo's counsel also affirms that "[n]o other action or proceeding is currently pending to collect or enforce the note, satisfying RPAPL § 1301(2)[,]" yet admits that Wells Fargo previously commenced the 2009 Foreclosure Action, which was voluntarily discontinued

5

[* 5]

in February 2013, and a second foreclosure action in July 2013, which was dismissed for lack of standing (NYSCEF Doc No. 64 at ¶¶ 9-11). Counsel notes that the Fisch Defendants commenced a quiet title action in February 2016 based on the expiration of the statute of limitations under Kings County index No. 501915/16, which was dismissed by a December 24, 2019 order[1] (*id.* at ¶¶ 12-13 and NYSCEF Doc No. 78).

Wells Fargo submits a memorandum of law arguing that it is entitled to an order of reference because it produced copies of the note and mortgage and evidence of the Fisch Defendants' July 1, 2010 payment default (NYSCEF Doc No. 82 at 4-5). Wells Fargo asserts that the Fisch Defendants' affirmative defenses fail to raise an issue of fact to preclude summary judgment (*id.* at 5-16). Regarding the statute of limitations, asserted as the Fisch Defendants' ninth affirmative defense, Wells Fargo argues that its voluntary discontinuance of the 2009 Foreclosure Action deaccelerated the loan and that the court in the quiet title action determined that this 2016 action is timely under the savings statute of CPLR 205 (a) (*id.* at 11-14). Wells Fargo also asserts that it is entitled to a default judgment against the non-appearing and non-answering defendants, all of whom were served with process in June 2016 (*id.* at 16-17).

---

[1] The December 24, 2019 order by the court (Knipel, J.) dismissing the Fisch's quiet title action was affirmed on appeal (*see Fisch v Wells Fargo Bank, N.A.*, 217 AD3d 657 [2d Dept 2023]).

***The Fisch Defendants' Opposition***
***And Summary Judgment Cross-Motion***

The Fisch Defendants oppose Wells Fargo's summary judgment motion and cross-move for summary judgment dismissing the complaint (NYSCEF Doc No. 84). Benjamin Fisch submits an affidavit attesting that "Plaintiff's assertion that it mailed me a 90-day notice is not true" because "I never received that [March 3, 2016] 90-day notice in the mail. Nor did I ever see that 90-day notice until it was shown to me by my attorneys" (NYSCEF Doc No. 87 at ¶¶ 4-6 and 12). Fisch further attests that he never received the May 13, 2009 notice of default that Wells Fargo claims was mailed (*id.* at ¶¶ 13-15).

Defense counsel submits an affirmation arguing that Wells Fargo's "90-day notice . . . is facially defective on several grounds, particularly with regards to the statutory requirement that the subject notice shall be placed in a 'separate envelope' from any other notices" (NYSCEF Doc No. 86 at ¶¶ 3 and 19). Defense counsel relies on the Second Department's holding in *CitiMortgage, Inc. v Dente*, 200 AD3d 1025 (2d Dept 2021), in which the appellate court held that a 90-day notice was defective because it contained the following "extraneous language" regarding bankruptcy:

> "The purpose of this communication is to collect a debt and any information obtained will be used for that purpose. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH

7

[* 7]

OBLIGATION" (*CitiMortgage, Inc. v Dente*, 200 AD3d at 1027; *see* also NYSCEF Doc No. 94).

Defense counsel asserts that "[t]he facts in this case are not merely analogous but identical to the situation in <u>Dente</u>" because Wells Fargo's 90-day notice contains a similar notice regarding bankruptcy (*id.* at ¶¶ 38-39).

Defense counsel also relies on the Second Department's holding in *Bank of Am., N.A. v Kessler*, 202 AD3d 10, 13 (2d Dept 2021) wherein the court articulated "a bright-line rule" that compliance with the 'separate envelope' requirement of RPAPL 1304 mandates that no material other than the notices described in RPAPL 1304 be contained in the envelope (NYSCEF Doc No. 86 at ¶¶ 34-36 [citing to *Bank of Am. v Kessler*, 202 AD3d at 13]). Defense counsel argues that Wells Fargo's 90-day notice is defective under the *Kessler* holding because in addition to a notice regarding bankruptcy, it contains additional language about veterans' and consumer rights (*id.* at ¶¶ 41-46).

Defense counsel further argues that Wells Fargo's May 13, 2009 30-day default notice is "invalid" because "the date the alleged default began [in July 2010] was more than fourteen months after the notice of default note was mailed" (*id.* at ¶¶ 4 and 50). Defense counsel reasons that "[s]ince the date of the alleged default is July 1, 2010, which is more than fourteen months *after* the 30-day notice dated May 13, 2009 that means that the purported notice of default was sent when no default existed" (*id.* at ¶ 54). Additionally, defense counsel argues that "Plaintiff must be denied summary judgment as there is a question of fact regarding its compliance with the 30-day contractual condition precedent"

8

[* 8]

and Wells Fargo "provides inadequate business records regarding service of the notice of default . . ." (*id.* at ¶¶ 5 and 63). Specifically, defense counsel notes that the May 13, 2009 default notice contains the name of EMC on its letterhead, yet argues that none of EMC's business records of mailing have been produced (*id.* at ¶¶ 67-68). Defense counsel asserts that "[a]bsence any documentary evidence, the Marcotte Affidavit [from Chase] establishes nothing with regards to compliance with the 30-day notice" (*id.* at ¶ 68). Defense counsel also notes that EMC purportedly used a third-party vendor, Codilis, to mail the default notice, yet there is no documentary evidence from Codilis to prove the mailing (*id.* at ¶ 71).

***Wells Fargo's Opposition and Reply***

Wells Fargo, in opposition to the cross-motion and in further support of its summary judgment motion, submits an attorney affirmation advising the court that the Second Department's holdings in *Kessler* and *Dente* regarding the language contained in 90-day foreclosure notices are pending appeal to the Court of Appeals (NYSCEF Doc No. 100). Wells Fargo submits a memorandum of law arguing that the Second Department's holdings in *Kessler* and *Dente* regarding the contents of a 90-day notice will likely be reversed (NYSCEF Doc No. 102 at 3-6).

Wells Fargo also clarifies that its May 13, 2009 notice of default was properly based on the Fisch Defendants' February 1, 2009 default date (*id.* at 6). According to Wells Fargo, the moving affidavit of Dorothy Washington explains that the borrowers defaulted for the February 1, 2009 payment, after which certain payments were advanced on the loan, but the borrowers failed to bring the loan current, and it was due for the July 1, 2010 payment

9

[* 9]

(*id.* at 6-7). Wells Fargo asserts that "[i]n anticipation of commencing this action in November 10, 2016, Chase unilaterally advanced payments on the Fisches loan, moving the due date from February 1, 2009, to July 1, 2010" to "avoid seeking collection on loan installment payments due outside the six-year statute of limitations period" (*id.* at 7).

Wells Fargo further argues that Mr. Fisch's bare denial of receipt of the notice of default is insufficient because "Wells Fargo proved Mr. Fisch was given the notice of default required by the mortgage on May 13, 2009, via first-class mail addressed to him at the property" based on Marcotte's affidavit regarding EMC's standard mailing practices and a copy of EMC's default letter annexed as Exhibit B thereto (*id.* at 8; *see also* NYSCEF Doc Nos. 58 at ¶ 8 and 60). Wells Fargo notes that Paragraph 22 of the mortgage provides that the notice of default is provided upon *mailing* rather than *receipt* (NYSCEF Doc No. 102 at 8). Wells Fargo asserts that Marcotte's testimony regarding the standard office mailing practices of EMC, including its use of a third-party vendor for such mailing, is sufficient (*id.* at 9). Wells Fargo argues that "Ms. Marcotte attested in detail to Codilis' role, based on her personal knowledge, in working with EMC to generate, image, and upload to a shared portal the notice of default, and how information was manually input by Codilis into EMC's system, and placed in envelopes for first-class mailing" (*id.* at 10).

Wells Fargo notes that the Fisch Defendants seemingly abandoned all of their affirmative defenses with the exception of the third for failure to comply with RPAPL § 1304 and the twelfth for failure to serve Fisch with a notice of default (*id.* at 11; *see also* NYSCEF Doc No. 30 at ¶¶ 5 and 15).

10

*The Fisch Defendants' Reply*

Defense counsel, in reply, contends that Wells Fargo's argument that the Court of Appeals will likely reverse the Second Department's holdings in *Kessler* and *Dente* "is of no import as the Court is bound by the appellate authority" (NYSCEF Doc No. 103 at ¶ 6). Defense counsel notes that the "bright-line" standard articulated by the Second Department in *Kessler* has been consistently applied by the trial courts (*id.* at ¶ 9). Defense counsel also argues that dismissal is warranted based on Wells Fargo's failure to prove that Mr. Fisch was mailed a notice of default, in accordance with the terms of the mortgage, because "Marcotte has knowledge of general business practices, but does not have any specific knowledge about the notice of default that Plaintiff claims to have sent the Defendants" (*id.* at ¶ 78).

## Discussion

### *(1)*

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562

11

[* 11]

[1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If it is determined that the movant has made a prima facie showing of entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

Generally, to establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and admissible evidence of the borrower's payment default (*see Deutsche Bank Natl. Trust Co. v Karibandi*, 188 AD3d 650, 651 [2d Dept 2020]; *Christiana Trust v Moneta,* 186 AD3d 1604, 1605 [2d Dept 2020]; *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725, 726 [2d Dept 2017]).

RPAPL § 1304 (1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (RPAPL § 1304 [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (*Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 20 [2d Dept 2019]). The plaintiff bears the burden of establishing strict

12

[* 12]

compliance with RPAPL § 1304 (*Nationstar Mortg., LLC v Osikoya*, 205 AD3d 1038, 1039 [2d Dept 2022]).

Here, Wells Fargo satisfied its prima facie burden by producing the promissory note, the mortgage and admissible evidence of the Fisch Defendants' payment default. Contrary to the Fisch Defendants assertion, Wells Fargo also demonstrated its compliance with the mortgage's 30-day notice requirement by submitting Marcotte's affidavit testimony regarding EMC's standard office mailing procedures and the use of a third-party vendor to ensure that the default notice was properly addressed and mailed to Fisch at the Property. Fisch's bald and conclusory claim that he did not receive the May 2009 notice of default is insufficient to preclude summary judgment (*LNV Corp. v Sofer*, 171 AD3d 1033, 1038 [2d Dept 2019] [holding that "bare denial of receipt, without more, as set forth in defendant's affidavit attesting that she had not received the RPAPL 1304 notice or the notice of default is insufficient to establish prima facie entitlement to judgment as a matter of law"]).

Wells Fargo also demonstrated, prima facie, that it complied with the requirements of RPAPL § 1304 by submitting admissible evidence that it mailed the RPAPL § 1304 notice to Fisch at the Property by both certified and by first-class mail. Marcotte attested to EMC's standard mailing practice regarding 90-day foreclosure notices and submitted a copy of the March 3, 2016, 90-day notice that was mailed to Mr. Fisch at the Property. Contrary to the Fisch Defendants' assertion, the Second Department has held that proof of the requisite mailing can be demonstrated by "proof of a standard office mailing procedure

13

[* 13]

designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (*Citibank, N.A. v Conti-Scheurer*, 172 AD3d at 21 [internal quotations marks omitted]). Benjamin Fisch's bare denial of receipt of the 90-day notice is "insufficient to establish, prima facie, that the plaintiff did not comply with that statute" (*Deutsche Bank Nat'l Tr. Co. v Starr*, 173 AD3d 836, 838 [2d Dept 2019]).

Furthermore, the Fisch Defendants' reliance on the Second Department's holdings in *Kessler* and *Dente* is misplaced because those holdings were specifically reversed by the Court of Appeals' subsequent decision in *Kessler* that was issued on February 14, 2023, after the parties' summary judgment motion and cross-motion were *sub judice*. Importantly, in *Bank of Am. v Kessler*, the Court of Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope from the RPAPL § 1304 notice and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]).

Based on the Court of Appeals' holding in *Kessler*, Wells Fargo's RPAPL § 1304 notice was proper, despite the fact that it included additional information about bankruptcy and the rights of veterans and consumers. Consequently, for the foregoing reasons, the Fisch Defendants' summary judgment cross-motion is denied and those branches of Wells Fargo's motion seeking summary judgment and an order of reference are granted.

14

*(2)*

Wells Fargo also moves for a default judgment against the non-appearing and non-answering defendants *more than four years after* they defaulted by failing to answer or otherwise respond to Wells Fargo's June 2016 complaint. CPLR 3215 (c) explicitly provides that:

> "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but *shall dismiss the complaint as abandoned*, without costs, upon its own initiative or on motion, *unless sufficient cause is shown* why the complaint should not be dismissed" (emphasis added).

Where a plaintiff fails to seek leave to enter a default judgment within one year after a party's default, the plaintiff must show "sufficient cause," which requires the plaintiff to demonstrate both a reasonable excuse for the delay and a meritorious cause of action (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2d Dept 2011]; *First Nationwide Bank v Pretel*, 240 AD2d 629, 629 [2d Dept 1997]). The determination of whether an excuse is reasonable is within the sound discretion of the court (*Deutsche Bank National Trust Co. v Bakarey*, 198 AD3d 718, 721 [2d Dept 2021]; *Deutsche Bank National Trust Co. v Charles*, 186 AD3d 454, 456 [2d Dept 2020]).

The Second Department has clarified that, if plaintiff fails to demonstrate a reasonable excuse for the delay and a meritorious cause of action, CPLR 3215 (c) explicitly provides that the complaint "shall" be dismissed, which is not discretionary, but mandatory (*Deutsche Bank National Trust Company v Watson*, 199 AD3d 879, 880 [2d Dept 2021];

15

[* 15]

US *Bank National Assoc. v Davis*, 196 AD3d 530, 533 [2d Dept 2021]; *HSBC USA, National Assoc. v Grella*, 14 AD3d 669 [2d Dept 2016]). "The policy underlying the statute is 'to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims'" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2d Dept 2015] [quoting *Giglio*, 86 AD3d at 307]).

Here, Wells Fargo has failed to provide any excuse for its untimely motion for a default judgment against the non-appearing and non-answering defendants, which mandates dismissal of this action as abandoned against those party defendants, as a matter of law. Accordingly, it is hereby

**ORDERED** that Wells Fargo's motion (mot. seq. one) is only granted to the extent that summary judgment is granted and Wells Fargo is entitled to an order of reference, which shall be settled on notice; the motion is otherwise denied; and it is further

**ORDERED** that this action is dismissed as against non-appearing and non-answering defendants, Bank of America, NA, Commissioner of Social Services of the City of New York Social Services District, FIA Card Services N.A., Capital One Bank (USA) NA, New Century Financial Services, Citibank (South Dakota) NA, Signature Bank, City of New York Environmental Control Board, John Doe #1 (name refused) and Mr. Greenberg (first name refused), pursuant to CPLR 3215 (c); and it is further

16

**ORDERED** that the Fisch Defendants' summary judgment cross-motion (mot. seq. two) is denied.

This constitutes the decision and order of the court.

E N T E R,

_____

J. S. C. Cenceria P. Edwards, CPA

17

[* 17]